IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SHEILA WALKER, ET AL.                                                          PLAINTIFFS

v.                                          No. 5:99CV00306 GH

LINDA STOGSDILL, ET AL.                                                        DEFENDANTS

# ORDER

This case was originally filed on August 16, 1999, by parents and next friends of students for declaratory and injunctive relief regarding the alleged unequal treatment and terms and conditions of school attendance and discipline due to their race – especially as a result of suspension and ultimate expulsion due to a fight on the Stuttgart Junior High School campus on May 5, 1999. By order filed on February 1, 2000, the Court, per the agreement of counsel, referred the case for mediation to Gus Taylor of the Community Relations Division of the United States Department of Justice. The case was administratively terminated without prejudice to be reopened if mediation did not resolve all issues.

On July 26, 2004, plaintiffs filed a motion to reopen case. They related that this Court administratively terminated this case on May 23, 2000, without prejudice pursuant to the parties' agreement to have a mediator with the United States Department of Justice resolve the issues and that the case would be reopened if mediation did not resolve all issues. Plaintiffs stated that the mediator, Gus Taylor, had since retired from the Justice Department after having suffered an

extended illness and endured other family illnesses and death and the parties made no real progress with respect to voluntary settlement of this case.

The Court, by August 20, 2004 order, reopened the case. However, the Court noted that over four years had elapsed since the case was administratively terminated and changes might be necessary both in terms of the parties and the relief sought. The order continued:

> For instance, this case for declaratory and injunctive relief was brought by the parents in August of 1999 on behalf of their minor children who were 8th, 9th and 10th grade students during the 1998-1999 year. Now, five years later, it would appear that these students may have reached the age of 18 so that they, rather than their parents, would be the proper parties to pursue any litigation at this time. Likewise, it is possible that a defendant may no longer be employed in the official position he/she occupied at the filing of the suit. Another potential issue is whether the scope of the requested relief has been affected by the probability that the students are no longer enrolled in that school district. Finally, the wording of the motion seems to indicate that it was the difficulties involving illness and death experienced by the mediator that impeded the settlement process. If that is indeed the situation, then it would appear that the parties could benefit from the case being referred to the Magistrate Judge for a settlement conference. In light of the above concerns, the parties are directed to file status reports within twenty days of the file-date of this order which address these matters.

Defendants filed a status report on September 22nd and plaintiffs filed a status report on September 23rd. By order filed on October 1st, the Court directed plaintiffs to file an amended complaint to reflect the current status of the parties and the issues in controversy including the requested relief. The amended complaint was filed on October 25th adding the students who were now adults and adding a claim for compensatory and punitive damages for both the parents and the now adult former students.

On November 24th, defendants filed a motion to dismiss that there are no plaintiffs in this case who have standing to seek injunctive or declaratory relief, there is no live case or controversy between plaintiffs and defendants, the claims brought in 1999 are moot, and the attempted claim for damages is barred by the applicable statute of limitations. They relate that when the case was

-2-

brought in 1999, it was brought by the parents on behalf of their minor children who attended and were eligible to attend the public schools of Stuttgart for only declaratory and injunctive relief with no request for damages. Defendants continue that in their status report they had pointed out that nor one of the plaintiffs was then enrolled in the District so there was no current case or controversy between any of the plaintiff and the defendants; that the District adopted an entirely new policy manual in June of 2003 concerning students and new personnel policies; that none of the plaintiffs had standing as a students and many of the staff had changed along with the policies so the case had become moot; and that an amended complaint should be filed to show the basis for jurisdiction and standing to assert claims. They state that the amended complaint reveals that the original student plaintiffs are not all adults, does not assert any claim brought on behalf of any person who is presently a student in the District, and – except for the belated addition of a claim for damages – is essentially the same as the original 1999 complaint. As to raising a damages claim five years later, defendants insist that such a claim is barred by the applicable four-year statute of limitations.

Plaintiffs responded on January 10th that this case is not a new filing but a reopening of a case held in abeyance by the parties with the Court retaining jurisdiction and so the allegations relate back to the original filing. They argue that the doctrines of equitable tolling and estoppel defeat the issues raised in the motion to dismiss as a party can not allow the passage of time and then seek to prejudice the opposing party by its having relied upon the behavior of the moving party, that the defense of standing/mootness only speaks to the authority of who has to seek the remedy which is an issue of personal jurisdiction and not subject matter jurisdiction, and that the Court can exercise supplemental jurisdiction over their proposed cause of action for illegal expenditures. Plaintiffs continue that the damages claims for the former students are timely since the statute of limitations

for minors is tolled until three years after the reach 18. They further assert that the issues are not moot since the same type of situations have arisen in the District within the last year so that it is capable of repetition yet evading review.

In the separate January 10th motion for leave to file second amended complaint, plaintiffs state that they are correcting certain mistakes and typographical errors as well as errors of syntax and grammar thereby giving defendants fairer notice as to exactly what plaintiffs seek. A supplement was filed to the motion on January 24th relying on the Arkansas Supreme Court case that illegal expenditures of tax monies for enforcement purposes could be addressed under Article 16, Section 13 of the Arkansas Constitution as a basis for supplemental jurisdiction.

On February 17th, defendants filed a reply that this Court lost jurisdiction when there ceased to be a case or controversy between the parties which no argument about equitable tolling or quasi-estoppel can bring back the jurisdiction lost by operation of the United States Constitution. Turning to damages, defendants point out that plaintiff acknowledge that they are seeking damages for the first time and the question of the appropriate statute of limitations is not before this Court since if they have claims which are not time-barred and which amount to a current case of controversy, they can file a new lawsuit along with the other new state claims. Finally, defendants insist that the plaintiffs do not fit into the mootness exception since none of them attend school in the District and so there can be no expectation that they will be subject again to the actions complained of in the original complaint.

The Court agrees with defendants that the Eighth Circuit's holding in <u>Schanou v. Lancaster County School Dist. No. 160</u>, 62 F.3d 1040, 1042-1043 (8th Cir. 1995), set out below, is applicable:

> "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 540, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). The limitations imposed by Article III are usually referred to as the "case or controversy" requirement. Arkansas AFL-CIO v. FCC, 11 F.3d 1430, 1435 (8th Cir. 1993) (en banc). This court has defined a "case or controversy" to require "a definite and concrete controversy involving adverse legal interests at every stage in the litigation." McFarlin v. Newport Special Sch. Dist., 980 F.2d 1208, 1210 (8th Cir. 1992) (McFarlin). Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case. Courts employ a number of doctrines to determine justiciability such as standing, ripeness, and mootness.

We turn first to Schanou's claim for injunctive relief. We are aided significantly in our examination of the standing and mootness problems in the present case by our court's decision in Steele v. Van Buren Public Sch. Dist., 845 F.2d 1492 (8th Cir. 1988) (Steele). In Steele, a mother, as an individual and next friend of her three minor children, challenged a public school band teacher's prayer sessions before concerts and practices. We held that parents have a cognizable interest in their children's religious education, including the parental interest to have one's children educated in public schools that do not impose or permit religious practices. Id. at 1495, citing Abington Sch. Dist. v. Schempp, 374 U.S. 203, 224 n. 9, 83 S.Ct. 1560, 1572 n. 9, 10 L.Ed.2d 844 (1963) (Schempp) (holding that parents have standing to challenge school-sponsored religious activities that affect their children) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 487 n. 22, 102 S.Ct. 752, 766 n. 22, 70 L.Ed.2d 700 (1982) (Valley Forge) (explaining the holding of Schempp). The district court in Steele held, however, that the claims of the eldest child were mooted by her graduation, and we agreed. 845 F.2d at 1495. We nevertheless held that the mother's cognizable interest as a parent was not mooted because she still had two other children in the school system. Id.

While Steele indicates that Schanou may have once had standing to enjoin the school district's policy permitting the bible distribution by the Gideons, we need not engage in a standing analysis with regard to the request for injunctive relief because that request no longer presents a live justiciable controversy. In the time since we heard oral argument in this case, Jace, Schanou's only child, has graduated from high school. Because Schanou has no other children and his only child has no prospect of ever returning to the school district as a student, the holding of Steele teaches that, even if Schanou's request for injunctive relief once satisfied the "case or controversy" requirement, his claim for injunctive relief has now been mooted because he no longer has a cognizable parental interest. 845 F.2d at 1495; see Neighborhood Transp. Network v. Pena, 42 F.3d 1169, 1172 (8th Cir. 1994) ("When a case on appeal no longer presents an actual ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it."); Nomi v. Regents for the University of Minnesota, 5 F.3d 332, 334 (8th Cir. 1993) (Nomi) (same).

See also, McFarlin v. Newport Special School Dist., 980 F.2d 1208, 1210 (8th Cir. 1992):

In order for a federal court to hear a case, there must be a definite and concrete controversy involving adverse legal interests at every stage in the litigation. Carson v. Pierce, 719 F.2d 931, 933 (8th Cir. 1983). The controversy must be one for which the court can grant specific and conclusive relief. Id. Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief. See T.L.J. v. Webster, 792 F.2d 734, 738 (8th Cir. 1986); Flittie v. Erickson, 724 F.2d 80, 81 (8th Cir. 1983); see also Police Retirement Sys. v. Midwest Inv. Advisory Serv., Inc., 940 F.2d 351, 356 (8th Cir. 1991) (case is moot when decision of court would not have any real effect).

While it is unfortunate that Mr. Taylor's personal and family circumstances impacted the mediation process – a resolution mechanism that is always to be encouraged, the Court simply cannot change the fact that this Court lost jurisdiction over the only claims at issue – declaratory and injunctive relief – once the students were no longer enrolled or intended to be enrolled in the District's schools. Indeed, the order reopening the case last year raised the concerns argued in the motion to dismiss. Thus, plaintiffs' claims for declaratory and injunctive relief in the original complaint were rendered moot prior to the reopening of this case. This ruling does not address the viability of the new claims sought in the October 25th amended complaint nor the proposed second amended complaint.

Accordingly, defendants' November 24th motion (#21) to dismiss this case is hereby granted. Plaintiffs' January 10th motion (#27) for leave to file second amended complaint is denied.

IT IS SO ORDERED this 23rd day of September, 2005.

_George Howard, Jr._
UNITED STATES DISTRICT JUDGE